UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::::
UNITED STATES OF AMERICA

    - v. -

ANGEL COROMOTO RIVERO-CHAFFARDET,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

S9 14 Cr. 229 (JMF)

WHEREAS, on or about June 9, 2016, ANGEL COROMOTO RIVERO-CHAFFARDET (the "Defendant"), was charged in a one-count Sealed Superseding Information, S9 14 Cr. 229 (JMF) (the "Information"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 963 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, of any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Information, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Information;

WHEREAS, or about June 9. 2016, the Defendant pled guilty to Count One of the Information and admitted to the forfeiture allegation as to Count One of the Information, pursuant to a plea agreement with the Government;

WHEREAS, on or about March 21, 2019, the Court entered a Consent Preliminary Order of Forfeiture (the "Order of Forfeiture"), imposing a money judgment against the Defendant

1

in the amount of $2,000,000 in United States currency (the "Money Judgment"), representing the proceeds obtained as a result of the offense charged in Count One of the Information (D.E.69);

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offense, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific asset in which the Defendant has an ownership interest:

    a. $132,629.37 in United States currency held in Bank of America account number 89805433990 in the name of Angel Rivero Chaffardet

(the "Substitute Asset"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Asset.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Department of the Treasury (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       October 11, 2024

The Clerk of Court is directed to terminate Doc. #109.
SO ORDERED:

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

4