UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
UNITED STATES OF AMERICA    :    **FINAL ORDER OF FORFEITURE**
:
-v.-    :    S9 14 Cr. 229 (JMF)
:
ANGEL COROMOTO RIVERO-CHAFFARDET    :
:
Defendant.    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, on or about October 11, 2024, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Asset Order") (D.E. 111), which ordered the forfeiture to the United States of all right, title and interest of ANGEL COROMOTO RIVERO-CHAFFARDET (the "Defendant") in the following property:

        a)    $132,629.37 in United States currency held in Bank of America account number 89805433990 in the name of Angel Rivero Chaffardet;

(the "Substitute Asset");

        WHEREAS, the Substitute Asset Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Asset Order, notice of the United States' intent to dispose of the Substitute Asset, and the requirement that any person asserting a legal interest in the Substitute Asset must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Asset and as a substitute for published notice as to those persons so notified;

        WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Asset before the United States can have clear title to the Substitute Asset;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on October 25, 2024 for thirty (30) consecutive days, through November 23, 2024 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on January 29, 2025 (D.E. 112);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Asset have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Substitute Asset; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Asset is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Asset.

3. The United States Customs and Border Protection (or its designee) shall take possession of the Substitute Asset and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       January 29, 2025

SO ORDERED:

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed to terminate ECF No. 113.